# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RUBEN RODRIGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08CV561RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Ruben Rodriguez moves this Court to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. On April 21, 2008, Rodriguez filed a § 2255 motion, but did not state the reasons the Court should vacate, set aside or correct his sentence. Rodriguez stated that he reserved the right to file which grounds will be raised at a later time, due to the unavailability of documents. Specifically, Rodriguez explained that he could not adequately state the grounds upon which he seeks relief because he lacked the transcript and copies of essential documents, including the indictment. The Government has moved to dismiss Rodriguez's motion for post-conviction relief because it does not cite any grounds for relief.

The record shows that the Court mailed a certified copy of the indictment to Rodriguez on June 13, 3008. The court reporter mailed the transcript to Rodriguez on June 30, 2008. The transcript was then filed with the Court on July 16, 2008. Rodriguez did not take any steps to clarify the grounds upon which he seeks relief.

Based on the above-mentioned facts, on December 11, 2008, this Court ordered Rodriguez to show cause why his motion to vacate, set aside or correct his sentence under § 2255 should not be dismissed. The Court further ordered Rodriguez to state the grounds upon which

he seeks relief. Rodriguez's response to the Show Cause Order was due on February 13, 2009. He did not respond.

Rodriguez's motion sets forth no grounds upon which he seeks relief. As a result, I will deny it because it fails to state a claim for relief.

*Request for an Evidentiary Hearing*

Generally, 28 U.S.C. § 2255 entitles movants to a hearing on the merits of their motion. However, there is a well-established exception to this rule when the record of the case conclusively establishes that the petitioner is entitled to no relief. Hodges v. United States, 368 U.S. 139, 140 (1961); Cheek v. United States, 858 F.2d 1330, 1333 (8th Cir. 1988); United States v. Gann, 807 F.3d 134, 135 (8th Cir. 1986). Because the record is absolutely clear that Rodriguez is entitled to no relief, I will not grant his request for an evidentiary hearing on the merits of this motion.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. *See* Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Rodriguez has not made such a showing on the grounds raised in his motion. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Ruben Rodriguez's Motion to Vacate, Set Aside, or Correct his Sentence [#1] is **DENIED.**

Dated this 18th day of February, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE